United States District Court
Southern District of Texas
**ENTERED**
February 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA L. MORRISON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-2873 |
| | § | |
| WELLS FARGO BANK, N.A., ITS ASSIGNERS, | § | |
| ASSIGNS AND/OR SUCCESSORS IN INTEREST, | § | |
| *Defendant*. | § | |

**MEMORANDUM AND RECOMMENDATION**

This matter is before the court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. 10. Plaintiff did not file a timely response.[2] *See* LOC. R. S.D. TEX. 7.3 (opposed motions will be submitted to the judge 21 days from filing). Plaintiff's failure to respond is taken as a representation of no opposition. LOC. R. S.D. TEX. 7.4. The court recommends that Defendant's Rule 12(b)(6) motion be granted, and this case be dismissed with prejudice.

**I.     BACKGROUND**

Plaintiff Rebecca L. Morrison and her former husband took out a mortgage on residential property in Humble, Texas, on December 15, 2010, by executing a note and deed of trust giving a secured interest in the property to their original lender, Network Funding L.P. By assignment dated December 3, 2014, Mortgage Electronic Registration Systems, Inc. (MERS) assigned the deed of trust to Defendant, Wells Fargo. Plaintiff defaulted on the mortgage and Wells Fargo instituted foreclosure proceedings. Plaintiff filed suit in Texas state court to stop the foreclosure. A Texas state court issued a temporary restraining order preventing the foreclosure sale that was scheduled for August 7, 2018. Plaintiff concedes that Wells Fargo is the "Mortgagee on the Mortgage Note

---

[1] The District Court has referred this matter to this Magistrate Judge for report and recommendation. Dkt. 12.
[2] Plaintiff's counsel also did not appear for the initial pre-trial conference before District Judge Vanessa Gilmore on January 4, 2019.

and Deed of Trust" she executed in 2010, and that she is delinquent in making payments on the mortgage. Dkt. 1-3 at 4-7. Plaintiff alleges that at the time Wells Fargo scheduled the foreclosure sale they were negotiating a loan modification. Wells Fargo removed the state court case to this federal court, and now moves to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted.

## II. ANALYSIS

### A. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir.2007).

## B. Plaintiff's Breach of Contract Claim Relies on Inapplicable Provisions of Texas Constitution

Plaintiff alleges that Wells Fargo's interest in her mortgage is void because it is in violation of multiple provisions of the Texas Constitution, art. XVI, section 50(a)(6). The provisions relied upon by Plaintiff protect a consumer from foreclosure on residential property due to default on a home equity loan, unless numerous conditions are satisfied. Plaintiff's breach of contract claims against Wells Fargo fail because the $192,000 mortgage loan at issue in this case is not a home equity loan, but rather a "renewal and extension" of the original indebtedness under the note. The loan documents Plaintiff attached to her state court petition conclusively establish that the loan is not a home equity loan, and those loan documents are properly considered by this court in the context of a 12(b)(6) motion. Dkt. 1-3 at 25.[3] Because the loan is not a home equity loan, Plaintiff cannot state a claim for relief based on Defendant's violation of art. XVI, section 50(a)(6) of the Texas Constitution, and these claims should be dismissed.

## C. A Claim for Breach of Loan Modification is Barred by the Statute of Frauds

Plaintiff alleges that after she defaulted on her payments, Wells Fargo approved a loan modification. Dkt. 1-3 at 6. Thereafter, Wells Fargo mistakenly tried to debit the wrong bank account for payments. *Id.* at 7. When Plaintiff notified Wells Fargo of the situation, Wells Fargo demanded a cure payment in an amount Plaintiff disputes. *Id.*

Plaintiff's pleading mentions only violations of the Texas Constitution as the basis for her breach of contract claim. Dkt. 1-3 at 7. To the extent Plaintiff's allegations attempt to assert a claim

---

[3] Foreclosure on a home equity loan requires a court order. TEX. R. CIV. P. 735, 736. Therefore, a TRO is not necessary in the context of judicial foreclosure. It was necessary for Plaintiff here to seek a TRO because the loan was not a home equity loan, but instead one subject to non-judicial foreclosure by Wells Fargo.

3

for breach of a loan modification agreement, her claim fails for lack of a written agreement between the parties. In order to enforce an oral agreement, the Plaintiff bears the burden to prove an agreement that satisfies the statute of frauds. *Hugh Symons Group PLC v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002). The statute of frauds requires any agreement for a loan over $50,000 to be in writing, contain all the elements of a valid contract, and be signed by the party to be bound. *BACM 2001-1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144 (Tex. App. – Houston [14th Dist.] 2007, pet. denied); *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Therefore, Plaintiff cannot state a claim for breach of an oral loan modification, and any such claim should be dismissed.

### D. Plaintiff Cannot State a Claim to "Quiet Title"

Plaintiff's Original Petition asserts a cause of action labelled "Suit to Remove Cloud on Title." Dkt. 1-3 at 7-8. In support of this cause of action, Plaintiff's Original Petition cites *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied), which defines a suit to quiet title as an equitable claim in which the principal issue is "the existence of a cloud on the title that equity would remove." Thus, the court construes the Original Petition as asserting a suit to quiet title. A suit to quiet title 'enables the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of a better right.'" *Id.* (citation omitted).

The elements of the cause of action to quiet title are: (1) that the plaintiff has an interest in a specific property, (2) plaintiff's title to the property is affected by a claim by the defendant, and (3) defendant's claim, although facially valid, is invalid or unenforceable. *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex.App.-Texarkana 1991,

writ denied)). To prevail on a suit to quiet title, Plaintiff "must prove, as a matter of law, right, title, or ownership in [her]self with sufficient certainty to enable the court to see that [she] has a right of ownership and the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet denied). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of the defendant's." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Plaintiff has not plausibly alleged that she holds a superior title to Wells Fargo. Plaintiff alleges: "The Note and Security instrument upon which Defendant asserts an interest, although facially valid, is in fact invalid and of no force or effect because Defendant's constitutional violations have rendered Defendant's lien void *ab* initio." Dkt. 1-3 at 8. However, the court has ruled that Plaintiff cannot state a claim based on the alleged constitutional violations. Therefore, Plaintiff cannot state a claim to quiet title and the claim should be dismissed.

### E. Plaintiff Cannot State a Claim for Equitable Relief

In addition to requests for damages and attorney's fees, which fall with her breach of contract claims, Plaintiff requests temporary and permanent injunctions.[4] Dkt. 1-3 at 9. An injunction is an equitable remedy, not an independent cause of action. *Ballard v. Ditech Fin. LLC*, No. CV H-17-2159, 2018 WL 4103228, at *4 (S.D. Tex. Aug. 8, 2018) ("Under Texas law, a request for injunctive relief is not a cause of action but a remedy sought to redress the wrongs alleged in an underlying cause of action."); *Barcenas v. Fed. Home Loan Mortg. Corp.*, Civil

---

[4] The court does not construe Plaintiff's Original Petition as asserting claims for declaratory judgment or equitable accounting. However, as Wells Fargo points out, Plaintiff cannot state a claim for either because she has not stated any viable cause of action. *See Sunverse, LLC v. Ameriquest Mort. Co.*, No. CV H-18-3320, 2019 WL 291982, at *4 (S.D. Tex. Jan. 23, 2019) ("An accounting is a remedy, not a cause of action, and cannot stand as an independent claim." citing *Barcenas*, 2013 WL 286250, at *9); *Barcenas*, 2013 WL 286250, at *9 ("The Declaratory Judgment Act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact a judicially remedial right.").

Action No. H-12-2466, 2013 WL 286250, *9 (S.D. Tex. Jan. 24, 2013) ("[A] prayer for injunctive relief, without a cause of action supporting entry of a judgment must be dismissed."); *Emenogu v. Wells Fargo Bank, N.A.*, No. CV H-12-2413, 2013 WL 12141358, at *3 (S.D. Tex. Sept. 25, 2013) ("Because the Court has dismissed all of Emenogu's substantive legal claims against Wells Fargo Bank, the Court dismisses Emenogu's requests for an accounting and injunctive relief as well."). Because Plaintiff cannot state a claim on any of her independent causes of action in this case, her request for injunctive relief must also be dismissed.

### III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court **RECOMMENDS** that Defendant's Rule 12(b)(6) motion to dismiss (Dkt. 10) be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on February 01, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge